TUCKER, Judge
(dissenting).
I respectfully dissent, and adhere to the views expressed in the original decision. On rehearing my colleagues take issue with the finding in the original opinion that the intervenor-appellant was palpably abusive or unreasonable, arbitrary, capricious and oppressive in singling out the Verduns’ land for repairing the slide area for the reason that the testimony of Herbert Juneau, Jr. revealed there was no land between the levee break and the plaintiffs’ land suitable for repairing the levee which was included in the 1934 appropriation resolution, and that, therefore, Priestly Verdun’s testimony was insufficient to discharge plaintiffs’ burden of proving the Levee Board’s palpable abuse of its discretion. It is true that the intervening land has never been included in an appropriation resolution, though this considerable acreage is riparian in nature, and subject to the same servitude provisions of R.C.C. Art. 665 as is the Verdun tract.
I gather that the thrust of the rehearing decision is substantially to the effect that the judiciary should not intrude upon the discretion of a public body to which the power of appropriation has been delegated when such interference would involve requiring the said public body to amend the present one or pass a new resolution covering the more suitable intervening lands at the mere pittance expense of the assessed valuation of the additional land included in the resolution.
I am unable to comprehend why the testimony of Priestly Verdun needs buttressing in order to discharge the burden of proof resting on the Verduns that the Levee Board has acted unreasonably, arbitrarily, capriciously and oppressively which amounts to a palpable abuse of its discretion in this instance.
It can be said that Mr. Juneau’s testimony did not serve plaintiffs’ cause, but the sole effect of this government engineer’s testimony was that plaintiffs’ land constituted the most suitable of all the land included in the almost ancient resolution of 1934 for the repair of the broken levee. In my view the documentary offerings, mainly the maps, tendered in connection with Mr. Juneau’s testimony corroborate and support Verdun’s version that discrimination has been practiced against the Ver-duns.
If the Levee Board was required to entail some small expense and effort in passing a new resolution or amending the old one, I believe that this result would be more preferable and within the bounds of reason than to permit the Levee Board to ride roughshod over the Verduns and effectively put them out of business.